UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Adele Galabi Martinez, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| Dacia Hammerick Napier, M.D.; | § | |
| Baptist Health System; and | § | SA-11-CV-0401 OG |
| Jeffrey L. Glass, M.D., F.A.C.S., | § | |
| | § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

This order directs plaintiff Adele Galabi Martinez to show cause why this case should not be dismissed for lack of jurisdiction.[1] On May 20, 2001, Ms. Martinez filed motions to proceed in forma pauperis and for the appointment of counsel. I granted the motion to proceed in forma pauperis and directed the clerk to file Ms. Martinez's complaint. After reviewing the complaint, I question whether the court has jurisdiction over Ms. Martinez's claims.

**Ms. Martinez's claims**. Ms. Martinez named the following as defendants: Dr. Dacia Hammerick Napier, Dr. Jeffrey L. Glass, and Baptist Health System. In the

---

[1]"Jurisdiction defines the powers of courts to inquire into facts, apply the law, make decisions, and declare judgment." Black's Law Dictionary 853 (6th ed. 1990).

1

proposed complaint, Ms. Martinez complained that on May 21, 2009, Dr. Napier inserted a titanium pin in her left breast during a biopsy.[2] Ms. Martinez asserted that she told Dr. Napier that she did not want the pin. Ms. Martinez stated that she experiences injury and exacerbation of existing health issues from the pin. She alleged that inserting the pin violated her civil rights and constituted medical malpractice. These allegations indicate the court lacks jurisdiction over Ms. Martinez's claim.

**Federal court jurisdiction**. Ordinarily, two bases exist for federal court jurisdiction: federal question jurisdiction and diversity jurisdiction. Under 28 U.S.C. § 1331, a federal court has jurisdiction over controversies involving questions of federal law. A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332.

**Federal question jurisdiction**. Ms. Martinez seeks to sue the defendants for violation of her civil rights. A plaintiff can bring a claim for a violation of her federal civil rights under 42 U.S.C. § 1983. A federal court has jurisdiction over a claim brought under section 1983 for violation of a person's federal civil rights.

"To state a claim under § 1983, a plaintiff must allege the violation of a right

---

[2]Ms. Martinez complained about a pin, but she likely complains about a titanium clip. As part of a stereotactic vacuum assisted biopsy, a clip is sometimes inserted through the biopsy needle into the breast to mark the area of the biopsy in case a later biopsy is needed.

2

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[3] "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[4] "[S]tate employment is generally sufficient to render the defendant a state actor…"[5] for the purpose of section 1983.

    Ms. Martinez did not name a state actor as a defendant. She described Dr. Napier as the diagnostic radiologist who conducted her breast biopsy. Ms. Martinez did not identify the role Dr. Glass played in her allegations, but publicly available information indicates Dr. Glass is a surgeon with Southeast Surgical Associates in San Antonio. Ms. Martinez also did not identify what role Baptist Healthcare System played in her allegations, but publicly available information indicates it provides healthcare in San Antonio and South Texas. These defendants do not appear to be state actors. None of Ms. Martinez's allegations indicate state action. In the absence of state action, Ms. Martinez failed to state a claim under section 1983. Thus, no federal question exists as a basis for federal court jurisdiction.

---

[3] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

[5] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

**Diversity jurisdiction**. Medical malpractice is ordinarily a state law claim,[6] unless the parties' citizenship is diverse or the plaintiff has sued the federal government.[7] Otherwise, a federal court lacks jurisdiction over the plaintiff's medical malpractice claim. Ms. Martinez did not name the federal government as a defendant. Consequently, the parties must be diverse[8] for this court to have jurisdiction over Ms. Martinez's claims.

Ms. Martinez's complaint does not address the citizenship of the parties, but the addresses Ms. Martinez provided for the parties suggest all parties are citizens of the state of Texas and that diversity does not exist. A federal court has jurisdiction over a medical malpractice claim if the plaintiff and defendants are citizens of different states.[9] That means that no defendant can be a citizen of the same state as the plaintiff. To be a

---

[6]Chapter 74 of the Texas Civil Practice and Remedies Code provides for lawsuits based on medical liability. Texas statutes are available at: http://tlo2.tlc.state.tx.us/statutes/index.htm.

[7]Under 28 U.S.C. § 1346, a federal court has jurisdiction over civil controversies naming the United States as a defendant.

[8]The requirements for diversity are listed in 28 U.S.C. § 1332(a). The United States Code is available at: http://www.gpoaccess.gov/.

[9]*See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) ("If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

citizen of a state means that a person must be both a citizen of the United States and a domiciliary of that state.[10]  In this case, Ms. Martinez's address and the defendants' addresses suggest that the plaintiff and the defendants are all citizens of Texas.  If Ms. Martinez and the defendants are all citizens of Texas, a federal court does not have jurisdiction over this case.  That means that Ms. Martinez must file her case in a state court to pursue her claims.  Without diversity of citizenship, a federal court lacks jurisdiction over Martinez's medical malpractice claim.

**Court's order**.  For the reasons discussed above, federal court jurisdiction is not apparent from the face of Ms. Martinez's complaint.  The court can proceed with this case only if it has jurisdiction; therefore, I ORDER Ms. Martinez to show cause why this case should not be dismissed for lack of jurisdiction.  Ms. Martinez must respond to this order in writing **by July 1, 2011** and explain why this Court has jurisdiction over her case.  If Ms. Martinez believes the parties are diverse, she should file an amended complaint identifying her citizenship and the citizenship of each defendant to show that complete diversity exists.  If Ms. Martinez has a basis for believing the defendants are state actors, she should file an amended complaint detailing the basis for that belief.  If Ms. Martinez fails to respond to this order by July 1, 2011, I will recommend dismissing

---

[10]*See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

this case for failing to prosecute.[11]

**SIGNED** on June 17, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[11]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").