# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Adele Galabi Martinez,** | § | |
| | § | |
|        **Plaintiff,** | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **Dacia Hammerick Napier, M.D.;** | § | |
| **Baptist Health System; and** | § | **SA-11-CV-0401 OG** |
| **Jeffrey L. Glass, M.D., F.A.C.S.,** | § | |
| | § | |
|        **Defendants.** | § | |

## REPORT AND RECOMMENDATION

TO:    **Honorable Orlando Garcia**
          **United States District Judge**

This report and recommendation recommends dismissing this case under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. On May 20, 2001, plaintiff Adele Galabi Martinez filed motions to proceed in forma pauperis and for the appointment of counsel. The district judge referred the motions to me. I screened the case under section 1915(e) and determined that the court lacks subject matter jurisdiction over Ms. Martinez's claims.

**Dismissal under 28 U.S.C. § 1915**. Under 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is

1

frivolous or malicious or fails to state a claim on which relief may be granted.[1] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[2] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[3] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[4] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Nature of the case**. Ms. Martinez named the following as defendants: Dr. Dacia Hammerick Napier, Dr. Jeffrey L. Glass, and Baptist Health System. In her complaint, Ms. Martinez complained that on May 21, 2009, Dr. Napier inserted a titanium pin in her left breast during a biopsy.[5] Ms. Martinez asserted that she told Dr. Napier that she

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[3] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[4] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[5] Ms. Martinez complained about a pin, but she likely complains about a titanium clip. As part of a stereotactic vacuum assisted biopsy, a clip is sometimes inserted through the biopsy needle into the breast to mark the area of the biopsy in case a later biopsy is needed.

did not want the pin.  Ms. Martinez stated that she experiences pain and exacerbation of existing health issues from the pin.  She alleged that inserting the pin violated her civil rights and constituted medical malpractice.  Because these allegations indicate the court lacks subject jurisdiction over Ms. Martinez's claim, I issued a show cause order and directed Ms. Martinez to address the issues discussed in this report and recommendation.  Ms. Martinez responded, but she provided no information supporting subject matter jurisdiction.

**Subject matter jurisdiction**.  Ordinarily, two bases exist for subject matter jurisdiction in federal court:  federal question jurisdiction and diversity jurisdiction.  Under 28 U.S.C. § 1331, a federal court has jurisdiction over controversies involving questions of federal law.  A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332.

**Federal question jurisdiction**.  Ms. Martinez seeks to sue the defendants for violation of her civil rights.  A plaintiff can bring a claim for a violation of her federal civil rights under 42 U.S.C. § 1983.  A federal court has jurisdiction over a claim brought under section 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law."⁶

"[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"⁷ "[S]tate employment is generally sufficient to render the defendant a state actor…"⁸ for the purpose of section 1983.

Ms. Martinez did not name a state actor as a defendant. She described Dr. Glass as the doctor who referred her to Baptist Health System for a breast biopsy.⁸ Ms. Martinez described Dr. Napier as the diagnostic radiologist who conducted the biopsy.⁹ The biopsy was performed at Baptist Healthcare System. These defendants are not state actors. None of Ms. Martinez's allegations indicate state action.

In response to the show cause order, Ms. Martinez explained that the defendants were state actors because they were paid with state funding. Although Ms. Martinez did not explain this statement, I observed that Ms. Martinez receives Supplemental

---

⁶*West v. Atkins*, 487 U.S. 42, 48 (1988).

⁷*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

⁸*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

⁸See docket entry # 6.

⁹*See* docket entry # 4.

4

Security Income and likely receives health care through Texas Medicaid.[10] Accepting payment from state funding like Medicaid does not transform an otherwise private health care provider into a state actor.[11] In the absence of state action, Ms. Martinez failed to state a claim under section 1983. Thus, no federal question exists as a basis for federal court jurisdiction.

**Diversity jurisdiction**. Medical malpractice is ordinarily a state law claim,[12] unless the parties' citizenship is diverse or the plaintiff has sued the federal government.[13] Otherwise, a federal court lacks jurisdiction over the plaintiff's medical malpractice claim. Ms. Martinez did not name the federal government as a defendant. Consequently, the parties must be diverse[14] for this court to have jurisdiction over Ms. Martinez's claims.

---

[10] Information provided in Ms. Martinez's motion to proceed IFP indicates that she is likely too young to receive health care through Medicare.

[11] *See Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) (stating that hospital "is not a state actor, and cannot be considered as such solely because it receives medicare and medicaid funds and is subject to state regulation").

[12] Chapter 74 of the Texas Civil Practice and Remedies Code provides for lawsuits based on medical liability. If Ms. Martinez files her case in state court, section 74.351 of the code requires Ms. Martinez to file an expert's report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351, *available at*: http://tlo2.tlc.state.tx.us/statutes/index.htm.

[13] Under 28 U.S.C. § 1346, a federal court has jurisdiction over civil controversies naming the United States as a defendant.

[14] The requirements for diversity are listed in 28 U.S.C. § 1332(a). The United States Code is available at: http://www.gpoaccess.gov/.

Ms. Martinez's complaint does not address the citizenship of the parties, but the addresses Ms. Martinez provided for the parties indicate all parties are citizens of the state of Texas and that diversity does not exist.  Ms. Martinez provided no information in response to the show cause order about diversity of citizenship.  Consequently, the court can rely on the provided addresses to conclude that diversity of citizenship does not exist.  Without diversity of citizenship, the court lacks subject matter jurisdiction over Martinez's medical malpractice claim.

**Recommendation**.  This case presents no federal question for subject matter jurisdiction because no defendant is a state actor.  No basis exists for diversity jurisdiction because all parties are citizens of Texas.  Thus, the court lacks subject matter jurisdiction over Ms. Martinez's claim.  For this reason, I recommend dismissing this case.  If the court rejects this recommendation, I will then consider the pending motion for appointment of counsel (docket entry # 2).

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same,

unless this time period is modified by the district court.[15] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[16] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[17]

**SIGNED** on June 30, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[15] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[16] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[17] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

7